IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMY ELIZABETH GUY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE METROPOLITAN GOVERNMENT )<br>OF NASHVILLE AND DAVIDSON COUNTY, )<br>et al., )<br>)<br>Defendants. ) | Case No. 3:14-cv-01585<br>Judge Haynes / Knowles |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss State-Law Claims" filed by Defendants Metropolitan Government of Nashville and Davidson County ("Metro") and Sheriff Daron Hall (collectively hereinafter "Defendants").[1] Docket No. 15. Defendants have contemporaneously filed a supporting Memorandum of Law, arguing that Plaintiff's State law claims brought pursuant to Tenn. Code Ann. §41-4-101 and § 8-8-301, et seq. should be dismissed because: (1) Plaintiff's claims raise complex and unsettled issues of State law such that this Court should decline to exercise supplemental jurisdiction over the claims; and (2) Plaintiff has asserted identical claims in a lawsuit pending in Davidson County Circuit Court such that concerns of preventing inconsistent judgments and judicial economy weigh in favor of dismissing the claims. Docket No. 16.

Plaintiff, who is represented by counsel, filed this action pursuant to "the Civil Rights Act of 1964 as (amended), 42 U.S.C.A. § 1983 *et seq.*," alleging that Defendants violated her Fourth,

---

[1] Defendant Janie Romines is not a party to the instant Motion.

Fifth, Eighth, and Fourteenth Amendment rights**.** Docket No. 1. Specifically, Plaintiff alleges that she was subject to "unlawful arrest and malicious prosecution" in violation of her Fourth Amendment rights, and subject to "excessive force" in violation of her Fifth, Eighth, and Fourteenth Amendment rights, by Defendant Janie Romines. *Id.*

Plaintiff also seeks to impose "municipal liability" on the part of Metro under § 1983 and Tenn. Code Ann. § 8-8-301, et seq., and "Sheriff's liability" on the part of Sheriff Hall under Tenn. Code Ann. § 41-4-101.[2]

Tenn. Code Ann. § 8-8-302 provides:

> Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided that the deputy is, at the time of such occurrence, acting by virtue or under color of the office.

In making this argument, Plaintiff takes the position that Ms. Romines is a "deputy." Plaintiff also claims that Sheriff Hall can be liable to her pursuant to Tenn. Code Ann. § 41-4-101, which provides:

> The sheriff of the county has, except in cases otherwise provided by law, the custody and charge of the jail of the county and of all prisoners committed to the jail and may appoint a jailer, for whose acts the sheriff is civilly responsible.

In making this argument, Plaintiff takes the position that Ms. Romines is a "jailer."

Plaintiff has filed a Response to the instant Motion, arguing that Defendants

---

[2] Plaintiff avers that Defendant Metro Government violated 42 U.S.C. § 1983 by failing to properly train Defendant Romines and Plaintiff avers that Metro was "actually aware that Defendant Romines was either wholly unaware of the proper use of force on a pre-trial detainee or had an improper understanding of the proper use of force on a pre-trial detainee." Docket No. 1, p. 8-9. Plaintiff does not raise a § 1983 claim against Sheriff Hall. Plaintiff's claims under § 1983 against Defendant Metro are not the subject of the instant Motion.

mischaracterize Tenn. Code Ann. §41-4-101 and § 8-8-301, et seq. as providing an independent cause of action, when, in fact, both statutes require an underlying claim against a deputy and/or jailer before a county or a sheriff can be held liable. Docket No. 21. Plaintiff also argues that the designation of whether Defendant Romines is considered a deputy, jailer, both, or neither is a factual issue that would require additional discovery and briefing, such that the instant Motion should be denied. *Id.* Plaintiff further contends that, contrary to Defendants' assertions otherwise, there are several cases creating liability on the part of the sheriff. *Id.*

With regard to Defendants' argument that Plaintiff has identical claims pending in her lawsuit filed in the Davidson County Circuit Court, Plaintiff argues that it is "incorrect to suggest that the claims in that case are 'identical' as those pending in the present lawsuit." *Id.* Plaintiff contends that the claims pending in the Davidson County Circuit Court are the "actual state law claims arising from this incident"; specifically, claims under the Tennessee Governmental Liability Act, intentional tort claims, and vicarious liability claims under Tenn. Code Ann. §41-4-101 and § 8-8-301, et seq. *Id.* Plaintiff notes that the Davidson County Circuit Court case does not involve the federal § 1983 claims that are brought in the instant action. *Id.* Plaintiff explains: "The purpose of having the vicarious liability claims included in the present suit are to avoid any claim by Defendants Metro or Sheriff Hall that they were not provided a chance to participate in the present suit," which, "could create a situation that the case would have to be re-litigated all over again" such that "judicial economy would encourage leaving all of the parties and claims in the present lawsuit." *Id.*

With leave of Court (Docket No. 23), Defendants have filed a Reply (Docket No. 24). In their Reply, Defendants contend that: (1) "[t]he fact that the law is unsettled in any regard

3

justifies Tennessee trial and appellate courts sorting out the issues"; (2) Plaintiff's argument that the question of whether correctional officers with the Davidson County Sheriff's Office are jailers or deputies is a question of fact that requires discovery fails to recognize that such discovery could take place "just as easily" in the already-pending state court proceeding; (3) whether correctional officers with the Davidson County Sheriff's Office are jailers or deputies is not a purely factual issue, as it is a "mixed question that turns both on the actual facts *and on how a court construes the Tennessee Code as to those terms*"; and (4) Defendants do not assert that this lawsuit is identical to the State court lawsuit in all regards, but rather, assert that the claims at issue in this motion are now pending in two forums, with each forum needing to apply Tennessee law in order to reach a conclusion, and that, given the unsettled law, this could problematically lead to inconsistent judgments. *Id.* (Emphasis original).

The instant Motion seeks dismissal only of Plaintiff's two claims under Tennessee law. Docket No. 15. There is no question that this Court has jurisdiction over these claims; rather, the issue before the undersigned is simply whether this Court should choose to exercise jurisdiction over these claims.

Title 20 U.S.C. § 1367(c) addresses the circumstances under which a district court may decline to exercise supplemental jurisdiction over a claim for which it has jurisdiction. Those circumstances are:

> (1) the claim raises a novel or complex issue of State law;
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>
> (3) the district court has dismissed all claims over which it has original jurisdiction; or

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

20 U.S.C. § 1367(c).

For the reasons discussed below, the undersigned recommends that this Court decline to exercise supplemental jurisdiction over Plaintiff's State law claims, and that the instant Motion (Docket No. 15) be GRANTED.

As can be seen in the quoted statutes above, the issue of whether vicarious liability can be imposed upon Defendants Metro Government and Sheriff Hall turns on whether Correctional Officer Romines is characterized as a "deputy," a "jailer," neither, or both. Whether a correctional officer constitutes a "deputy," a "jailer," neither, or both is an unsettled area of Tennessee law that has not been squarely and consistently decided. Because Plaintiff has a pending case in State court (*Amy Elizabeth Guy v. Metropolitan Gov't, et al.,* Docket No. 13C-3193) that raises the same claims under these two statutes, her State claims will be heard and decided; thus, she will not be prejudiced by this Court's declination to exercise supplemental jurisdiction over those claims. Moreover, declining to exercise supplemental jurisdiction over these State law claims will foreclose the possibility of inconsistent rulings between this Court and the State court on those claims. Additionally, this Court's declination to exercise supplemental jurisdiction over the State law claims will allow Tennessee courts to interpret and apply Tennessee law to the case and will allow the Tennessee Appellate and Supreme Courts to serve as the proper venues for appeal and interpretation of the statutes. It is also noteworthy that the federal and state standards for imposing vicarious liability upon a municipality differ, as do the recoverable damages.

Given the unsettled nature of this area of Tennessee law, the differing legal standards for the imposition of municipal liability and the differing recoverable damages, as well as the fact that Plaintiff has asserted the same State law claims in an action currently pending in State court, the undersigned recommends that this Court decline to exercise supplemental jurisdiction over Plaintiff's State law claims and that the instant Motion (Docket No. 15) be GRANTED. Plaintiff's federal claims, however, should remain.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge