IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMY ELIZABETH GUY, | ) |
| Plaintiff, | ) No. 3:14-cv-01585 |
| | ) Senior Judge Haynes |
| v. | ) |
| THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, et al., | ) |
| Defendants. | ) |

# ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 47) that the motion to dismiss state law claims (Docket Entry No. 15) filed by Defendants Sheriff Daron Hall and the Metropolitan Government ("Metro") be granted and that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

In the Report and Recommendation, the Magistrate Judge noted that the issue of whether vicarious liability can be imposed upon Defendants Hall and Metro turns on whether Defendant Janie Romines is characterized as a "deputy," a "jailer," neither, or both. Thus, given the unsettled nature of this area of Tennessee law, the Magistrate Judge recommended that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

After entry of the Magistrate Judge's Report and Recommendation, the parties filed a joint stipulation of facts (Docket Entry No. 48), agreeing that Defendant Romines should be characterized as a "deputy sheriff," rather than a "jailer." The parties also filed a stipulation of dismissal of all claims against Defendant Hall, that this Court granted. (Docket Entry Nos. 49 and 50).

Plaintiff, then, filed an objection to the Magistrate Judge's Report and Recommendation

(Docket Entry No. 52), contending that the parties' joint stipulation of facts, as well as the parties' stipulation of dismissal of Defendant Hall, removes any unsettled issues of state law. Defendant Metro filed a response (Docket Entry No. 54), contending that Plaintiff cannot use the Tennessee statutes to impose vicarious liability on Metro under § 1983.

As an initial matter, Defendants' motion to dismiss (Docket Entry No. 15) seeks dismissal of Plaintiff's state law claims on the bases that: (1) Plaintiff's state law claims present complex and unsettled questions of state law and (2) Plaintiff's state law claims are already pending in Davidson County Circuit Court. Defendant Metro's argument that the use of the Tennessee statutes to impose vicarious liability on a municipality conflicts with federal law is raised for the first time in its response to Plaintiff's objection to the Magistrate Judge's Report and Recommendation. As such, the Court need not address this argument. See Enyart v. Coleman, 29 F. Supp.3d 1059, 1070 (N.D. Ohio 2014) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." (quoting Murr v. United States, 200 F.3d 895, 902, n.1 (6th Cir. 2000))).

Regardless, the Magistrate Judge's recommendation is also based on the differing legal standards for the imposition of municipal liability, the differing recoverable damages and the fact that Plaintiff has asserted identical state law claims in an action currently pending in state court. Although the parties' stipulation that Defendant Romines qualifies as a deputy sheriff resolves an unsettled issue of state law in this action, Plaintiff concedes that she has a pending action in state court (Amy Elizabeth Guy v. Metropolitan Gov't, et al., Docket No. 13C-3193) that asserts claims for vicarious liability, under T.C.A. § 8-8-302 and T.C.A. § 41-1-101, against Defendants Metro and Hall. See Docket Entry No. 21, Plaintiff's Response to Defendants' Motion to Dismiss State Law

2

Claims at 6. Thus, Plaintiff's state law claims will be heard and decided, and neither party will be prejudiced by this Court's declination to exercise supplemental jurisdiction over those claims. In addition, declining to exercise supplemental jurisdiction over these state law claims will foreclose the possibility of inconsistent rulings between this Court and the state court on those claims. Finally, declining to exercise supplemental jurisdiction will allow Tennessee courts to interpret and apply Tennessee law. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976) (holding that federal courts may abstain from hearing a case solely because there is similar litigation pending in state court).

Accordingly, the Report and Recommendation is **ADOPTED in part**. Defendants' motion to dismiss Plaintiff's state law claims (Docket Entry No. 15) is **GRANTED** with respect to Plaintiff's state law claims against Defendant Metropolitan Government and **DENIED as moot** with respect to Plaintiff's state law claims against Defendant Sheriff Hall. Plaintiff's motion to file amended complaint (Docket Entry No. 51) is **DENIED without prejudice** to renew in conformity with the Court's Order.

It is so **ORDERED**.

ENTERED this the 29 day of June, 2015.

William J. Haynes, Jr.
Senior United States District Judge